UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHERRY MADDOX,

  Plaintiff,

CASE NO.: 3:16-cv-237-TBR

-VS-

G. L. A. COLLECTION COMPANY, INCORPORATED,

  Defendant.

                                    /

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2.     The TCPA was enacted to prevent companies like G. L. A. Collection Company, Incorporated (hereinafter "GLA") from invading American citizen's privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jefferson County, Kentucky

9. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, GLA, is a corporation with its principal place of business at 2630 Gleeson Ln, Louisville, KY 40299.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

15. GLA called the Plaintiff approximately five hundred (500) times since May 1, 2014, in an attempt to collect a debt.

16. GLA attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. GLA intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

19. Each call GLA made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

20. Each call GLA made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

21. Beginning on or around May 1, 2014, Plaintiff began receiving automated calls from GLA to her cellular telephone (***) ***-0608 in an attempt to collect a debt stemming from medical bills.

22. On or about January 2015, Plaintiff attempted to answer a call from GLA but was unsuccessful at getting through to a live agent. Plaintiff proceeded to call GLA back and spoke to a female agent explaining she had no money, was disabled and to please stop calling her. The unknown female agent responded that she would remove Plaintiff's phone number from the system. Despite the agent's assurance, the automated calls from GLA continued to Plaintiff's cellular telephone without cessation.

23. On or about October 2015, Plaintiff likewise attempted to answer a call from GLA but was unsuccessful, Plaintiff then called GLA directly and spoke to an agent informing said agent that she wanted the calls to stop or else she would get an attorney.

24. On March 3, 2016, once again unsuccessful at getting through to an agent, Plaintiff called GLA directly spoke to an agent of GLA and once again informed GLA that she had no money, was disabled and to please stop harassing her. The unknown male agent responded that the calls GLA was placing to her were not harassing and referred to Plaintiff as a "deadbeat."

25. All of Plaintiff's attempts at getting GLA to stop harassing her were in vain as GLA ignored her many pleas and continued its automated bombardment to Plaintiff's cellular telephone.

26. Due to the length of time she received calls, as well as the high volume of calls received, Plaintiff was not able to catalogue each and every call from GLA, however attached hereto as Exhibit "1" is a small sampling of calls received.

27. GLA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

28. GLA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or GLA, to remove the number.

29. GLA's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to GLA that they wish for the calls to cease.

30. GLA has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31. GLA has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite requests to stop.

32. GLA'S corporate policy provided no means for the Plaintiff to have her number removed from the call list.

33. GLA has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

34. Plaintiff did not expressly consent to GLA'S placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to GLA'S placement of the calls.

35. None of GLA'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. GLA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff incorporates above paragraphs one (1) through thirty-six (36) herein.

5

38. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to cease.

39. GLA repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against GLA for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

40. Plaintiff incorporates above paragraphs one (1) through thirty-six (36) herein.

41. At all times relevant to this action GLA is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

42. GLA has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

43. GLA has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

44. GLA has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against GLA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

    /s/ Andrea Wasson
    Andrea L. Wasson, Esquire
    WASSON & THORNHILL, PLLC
    3000 Breckenridge Lane
    Louisville, KY 40220
    (502) 964-7878
    andrea@wassonthornhill.com
    Attorney for Plaintiff